IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 120,924

In the Matter of JOSHUA T. MATHEWS,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed September 27, 2019. Published Censure.

*Matthew J. Vogelsberg*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with him on the formal complaint for the petitioner.

*Joshua T. Mathews*, respondent, argued the cause pro se.

PER CURIAM: This is an attorney discipline proceeding against Joshua T. Mathews, of Leawood, Kansas. Respondent was admitted to practice law in the state of Kansas on April 25, 2008.

On December 27, 2018, the Disciplinary Administrator's office filed a formal complaint against respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). Respondent filed an untimely answer to the formal complaint on January 31, 2019. The parties entered into a written stipulation on February 19, 2019, two days prior to the scheduled hearing on the formal complaint.

A panel of the Kansas Board for Discipline of Attorneys held a hearing on February 21, 2019. Respondent appeared pro se. The hearing panel determined respondent violated KRPC 8.4(c) (2019 Kan. S. Ct. R. 387) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(g) (2019 Kan. S. Ct. R. 387) (conduct

adversely reflecting on lawyer's fitness to practice law), and Supreme Court Rule 211(b) (2019 Kan. S. Ct. R. 257) (failure to file answer in disciplinary proceeding).

Upon conclusion of the hearing, the panel made findings of fact, conclusions of law, and a disciplinary recommendation. Respondent took no exceptions to the hearing panel's report but reserved the right to argue about the appropriate discipline.

Before this court, the Disciplinary Administrator's office endorses the panel's findings and recommends respondent receive a censure and that the censure be published in the Kansas Reports. Respondent recommends he be informally admonished for his rules violations. We quote the report's pertinent parts below.

"*Findings of Fact*

. . . .

"8.      Attorneys registered as active are required to earn a minimum of 12 continuing legal education (CLE) credit hours during each compliance period, ending June 30 each year, including two hours of ethics credit. Kan. S. Ct. R. 803(a). One hour of CLE credit is awarded for every '50 minutes actually spent in attendance at instructional activities, exclusive of introductory remarks, meals, breaks, or other noneducational activities.' Kan. S. Ct. R. 804(g)(1). Active attorneys are limited to earning eight hours of CLE credit in one day. Kan. S. Ct. R. 806(b).

"9.      The respondent failed to satisfy the CLE requirements for the compliance period ending June 30, 2017.

"10.      On September 8, 2017, the respondent attended an in-person video replay CLE program in Blue Springs, Missouri, sponsored by the Missouri Bar Association. The respondent attended 400 minutes of instruction, spanning 8:40 a.m. to 4:30 p.m. The respondent did not attend the ethics program offered that day.

2

"11.    On September 8, 2017, while attending the in-person video replay CLE program, the respondent also viewed online on-demand CLE programs offered by Lawline. The respondent completed five online on-demand CLE programs offered by Lawline at 12:35 p.m., 2:10 p.m., 4:06 p.m., 5:23 p.m., and 10:53 p.m. For the Missouri bar, the respondent certified that he 'listened/viewed the program in a setting suitable to the course and a suitable writing surface was available.' Just below the respondent's signatures, the five certificates included statements that a 'materially false statement shall be subject to appropriate disciplinary action.'

"12.    The respondent forwarded information to the Kansas CLE Commission claiming that he attended 400 minutes of CLE for eight hours of CLE credit, including zero hours of ethics credit, for attending the in-person video replay CLE program. The respondent also forwarded information to the Kansas CLE Commission claiming 360 minutes of CLE credit, including 120 minutes of ethics credit for viewing the online on-demand CLE programs offered by Lawline. The Kansas CLE Commission received the information from the respondent on September 11, 2017.

"13.    On September 15, 2017, the respondent completed the certificate of attendance regarding the September 8, 2017, in-person video replay CLE program, claiming eight hours of Kansas CLE credit, including one hour of ethics credit. Just above the respondent's signature, the certificate of attendance states that '[c]laiming hours for segments not actually attended could be a violation of Rule 8.4(c) of the Kansas Rules of Professional Conduct.' On September 18, 2017, the Kansas CLE Commission received the certificate. At the hearing on this matter, the respondent testified that his claim of the one hour of ethics credit was inadvertent and inaccurate. He acknowledged that he did not attend the ethics hour offered at the in-person video replay CLE program.

"14.    After learning that the respondent was claiming more than eight hours of CLE credit for one day, Shelley Sutton, Executive Director of the Kansas CLE Commission called the respondent. Ms. Sutton asked the respondent whether he viewed the online courses while in attendance at the in-person video replay CLE program. The respondent falsely denied doing so. The respondent claimed that during the in-person

3

video replay CLE program, the respondent merely logged into the Lawline website to print out the certificates of attendance. Ms. Sutton asked the respondent to contact Lawline and request the 'backlog' which would show the respondent's login and logoff times and polling verification.

"15.    About an hour later, the respondent called Ms. Sutton and admitted to her that he had watched the online programs while in attendance at the in-person video replay program. Ms. Sutton recommended that the respondent self-report his conduct to the disciplinary administrator's office. Ms. Sutton informed the respondent that he would not receive credit for any of the programming he attended on September 8, 2017.

"16.    On September 22, 2017, the respondent self-reported his conduct. In his letter, the respondent stated:

'I received a call today from Shelley Sutton of the Kansas CLE Commission, asking me about the CLE hours I had turned in for the 2016-2017 compliance period. I was late with my hours, and due to last minute cancellation of a CLE that I had signed up for, I was attempting to get everything wound up at the last minute before suspension letters went out.

'On Friday, September 8, 2017 I attended a Missouri Video Replay CLE session, attending eight hours of programming. During the session, I also viewed online CLE programs available from Lawline. I really didn't consider that it might be an ethics violation at the time, or violate the rules regarding Continuing Legal Education. That said, it should have occurred to me, or I should have researched it more before doing so. It also makes sense that the Rules would prohibit this behavior, as I'm sure I'm overconfident in my abilities to multitask, and probably didn't get the full benefit of either program.'

4

"17.     The disciplinary administrator's office investigated the respondent's conduct. Thereafter, on December 27, 2018, Mr. Vogelsberg filed a formal complaint. The respondent filed an untimely answer to the formal complaint on January 31, 2019.

"18.     In the respondent's answer to the formal complaint and during his testimony at the disciplinary hearing, the respondent asserted that he does not recall the details of the telephone calls which occurred on September 18, 2017, between respondent and Ms. Sutton, as he was home sick with the flu that day. The respondent did not deny the assertions made by Ms. Sutton, rather he stated that he cannot recall the conversations.

"*Conclusions of Law*

"19.     Based upon the respondent's stipulations and the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 8.4 (professional misconduct) and Kan. S. Ct. R. 211 (duty to file answer), as detailed below.

"KRPC 8.4(c)

"20.     'It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.' KRPC 8.4(c). The respondent engaged in conduct that involved dishonesty when he falsely denied to Ms. Sutton completing the online on-demand CLE program while attending the in-person video replay CLE program on September 8, 2017. As such, the hearing panel concludes that the respondent engaged in dishonest conduct and violated KRPC 8.4(c).

"KRPC 8.4(g)

"21.     'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The respondent engaged in conduct that adversely reflects on his fitness to practice law when he failed to timely comply with the annual CLE requirements, when he failed to become familiar with the rules relating to continuing legal education, when he failed to recognize

5

it is not proper to complete online on-demand CLE programs while attending an in-person video replay CLE program, and when he inaccurately stated on the CLE affidavit that he completed one hour of ethics credit. The hearing panel concludes that the respondent violated KRPC 8.4(g).

"Kan. S. Ct. R. 211(b)

"22. The Kansas Supreme Court Rules require attorneys to file answers to formal complaints within 20 days of the filing of the formal complaint.

> 'The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.' Kan. S. Ct. R. 211(b).

The formal complaint in this case was filed on December 27, 2018. The respondent failed to file his answer within 20 days of that date. The respondent filed an answer on January 31, 2019. While the hearing panel concludes that the respondent violated Kan. S. Ct. R. 211(b), the respondent's violation in this regard did not prejudice the administration of justice or otherwise interfere with the proceeding in this case.

"<em>American Bar Association<br>Standards for Imposing Lawyer Sanctions</em>

"23. In making a recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"24. *Duty Violated*. The respondent violated his duty to the public and the legal profession to maintain his personal integrity.

6

"25.     *Mental State*. The respondent negligently and knowingly violated his duty.

"26.     *Injury*. As a result of the respondent's misconduct, the respondent caused potential injury to the legal profession.

"Aggravating and Mitigating Factors

"27.     Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

a.     *Prior Disciplinary Offenses*. The respondent has been previously disciplined on two occasions. On August 26, 2016, the disciplinary administrator informally admonished the respondent for violating KRPC 1.1. On September 13, 2018, the disciplinary administrator informally admonished the respondent for violating KRPC 1.4.

b.     *Dishonest or Selfish Motive*. The respondent falsely denied to Ms. Sutton completing the online on-demand CLE program while attending the in-person video replay CLE program. The hearing panel concludes that the respondent's misconduct included dishonest conduct.

"28.     Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

7

a.      *Timely Good Faith Effort to Make Restitution or to Rectify Consequences of Misconduct*. Despite his inability to recall the conversations he had on September 18, 2017, with Ms. Sutton, the evidence is clear that the respondent attempted to correct his false statement within one hour of making the false statement.

b.      *The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* The respondent cooperated with the disciplinary process. Additionally, the respondent admitted many of the facts alleged in the formal complaint.

c.      *Previous Good Character and Reputation in the Community Including Any Letters from Clients, Friends and Lawyers in Support of the Character and General Reputation of the Attorney*. The respondent is an active and productive member of the bar of Johnson County, Kansas. The respondent also enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by several letters received by the hearing panel.

d.      *Remoteness of Prior Offenses.* The informal admonitions imposed by the disciplinary administrator are remote in character (but not in time) to the misconduct in this case.

"29.      In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'5.13      Reprimand is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

'6.13      Reprimand is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false

8

or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

'7.3    Reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"*Recommendation*

"30.    Mr. Vogelsberg recommended that the respondent receive a censure and that the censure be published in the Kansas reports. The respondent requested that he be informally admonished for his violations of the rules.

"31.    Based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be censured. The hearing panel further recommends that the censure be published in the Kansas Reports.

"32.    Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the panel's findings, and the parties' arguments and determines whether KRPC violations exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see also Supreme Court Rule 211(f) (2019 Kan. S. Ct. R. 257) (a misconduct finding must be

9

established by clear and convincing evidence). "Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint to which he filed an untimely answer. He was also given adequate notice of the hearing before the panel and the hearing before this court. Respondent filed no exceptions to the final hearing report. As such, the panel's factual findings are deemed admitted. Supreme Court Rule 212(c), (d) (2019 Kan. S. Ct. R. 261).

The evidence before the hearing panel establishes by clear and convincing evidence the charged conduct violated KRPC 8.4(c) (2019 Kan. S. Ct. R. 387) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(g) (2019 Kan. S. Ct. R. 387) (conduct adversely reflecting on lawyer's fitness to practice law), and Supreme Court Rule 211(b) (2019 Kan. S. Ct. R. 257) (failure to file timely answer in disciplinary proceeding). We adopt the panel's findings and conclusions.

The only remaining issue is determining the appropriate discipline for respondent's violations. The hearing panel unanimously recommended respondent receive a censure and that the censure be published in the Kansas Reports.

The hearing panel's recommendations are advisory only and do not prevent us from imposing greater or lesser sanctions. Supreme Court Rule 212(f) (2019 Kan. S. Ct. R. 261); *In re Kline*, 298 Kan. 96, 212-13, 311 P.3d 321 (2013). The respondent's request for informal admonition is rejected in light of the nature of his misconduct and prior disciplinary offenses in 2016 and 2018.

After careful consideration, the court holds respondent should be censured and that the censure be published in the Kansas Reports.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Joshua T. Mathews be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (2019 Kan. S. Ct. R. 240).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.

BEIER, J., not participating.
STEPHEN D. HILL, J., assigned.[1]
PATRICK D. MCANANY, Senior Judge, assigned.[2]

---

[1]**REPORTER'S NOTE:** Judge Hill, of the Kansas Court of Appeals, was appointed to hear case No. 120,924 vice Justice Beier under the authority vested in the Supreme Court by K.S.A. 2018 Supp. 20-3002(c).

[2]**REPORTER'S NOTE:** Under the authority vested in the Supreme Court by K.S.A. 20-2616, Senior Judge McAnany was appointed to hear case No. 120,924 to fill the vacancy on the court by the retirement of Justice Johnson.